UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| REV. DAVID LEWICKI, | ) | |
| | ) | |
| VLADIMIR SHKLOVSKY | ) | |
| | ) | |
| Plaintiffs, | ) | Civ. No. 24-2505 (ABJ) |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL ELECTION COMMISSION, | ) | |
| 1050 First Street, NE | ) | |
| Washington, DC 20463 | ) | REPLY IN SUPPORT OF |
| | ) | PARTIAL MOTION TO DISMISS |
| Defendant. | ) | |
| | ) | |

**DEFENDANT FEDERAL ELECTION COMMISSION'S REPLY
IN SUPPORT OF PARTIAL MOTION TO DISMISS**

Lisa J. Stevenson (D.C. Bar No. 457628)
Acting General Counsel
lstevenson@fec.gov

Christopher H. Bell (D.C. Bar No. 1643526)
Acting Assistant General Counsel
chbell@fec.gov

Rachel Coll (D.C. Bar No. 1029524)
Attorney
rcoll@fec.gov

Sophia H. Golvach (D.C. Bar No. 165636)
Attorney
sgolvach@fec.gov

FEDERAL ELECTION COMMISSION
1050 First Street NE
Washington, DC 20463
December 20, 2024                              (202) 694-1650

Because plaintiffs' claim two fails to state a claim, it should be dismissed. Claim two alleges that the controlling group of Commissioners' Statement of Reasons (the "Controlling Statement") misapplied the "reason to believe" standard in dismissing plaintiffs' administrative complaint. As such, they argue, they are entitled to a standalone claim solely on that basis to challenge the dismissal. They are not.

The dispute here is a narrow one. The dismissal of a complaint is evaluated under the "contrary to law" metric set forth in 52 U.S.C. § 30109(a)(8)(C) and developed by precedent. The parties agree that, under the familiar *Orloski v. FEC* framework, either an impermissible interpretation of the Federal Election Campaign Act, 52 U.S.C. §§ 30101-45 ("FECA") or an arbitrary or capricious analysis of the facts may support a claim that the dismissal is contrary to law. *See* 795 F.2d 156, 161 (D.C. Cir. 1986). The parties agree that the Court may interpret the "reason to believe" standard in analyzing the dismissal of a complaint. However, by alleging that the Commissioners' interpretation of the "reason to believe" standard is an independent basis for relief, plaintiffs make a category error. That standard *informs* the Court's application of the *Orloski* framework, but it is not and cannot serve as a distinct claim. The text of FECA and decades of precedent make clear that judicial review of complaint dismissals evaluates the Commissioners' reasons for dismissal *of the complaint itself*, not prefatory language included in the Commissioners' explanation discussing their role in evaluating complaints generally and unconnected to the allegations at issue. Indeed, the reason to believe standard is *inseparable* from the Commissioners' explanation for their dismissal of plaintiffs' complaint, but it is not the reason the Controlling Commissioners gave for the dismissal.

Plaintiffs argue that the Federal Election Commission's ("FEC" or "Commission") position effectively prevents the court from opining on procedural law. This is a false trail.

1

While the precedent plaintiffs cite regarding the reviewability of "procedural" claims under the Administrative Procedure Act ("APA") is not controlling for purposes of section 30109(a)(8)(C), that discussion is nevertheless is of no moment here because the Commission does not seek to dismiss claim two on this basis. Indeed, plaintiffs' claim one is more "procedural" in nature, alleging that the Controlling Statement was issued too late after the dismissal of their complaint, and yet the Commission has not sought dismissal of claim one on procedural grounds. Claim two fails to state a claim because it does not challenge the Controlling Commissioners' particular reasons for "dismissal of *the complaint*" at issue. 52 U.S.C. § 30109(a)(8)(C) (emphasis added). Moreover, plaintiffs' caselaw on this point is entirely inapposite, as it interprets statutory language that differs sharply from the relevant provisions of FECA and is otherwise inapposite.

Finally, dismissal of claim two will in no way reduce plaintiffs' right to judicial review of the dismissal of their administrative complaint under *Orloski*. Plaintiffs' claims three and four challenge the dismissal on these bases, neither of which the Commission opposes for failure to state a claim. If and when the Court evaluates the merits of these claims, it is entirely proper for the Court to consider FECA's "reason to believe" standard and to weigh that standard against the Controlling Statement's reasons for dismissal of plaintiffs' administrative complaint in order to determine whether that dismissal was lawful.

Because plaintiffs' claim two is both legally insufficient and superfluous, it should be dismissed.

**ARGUMENT**

The FEC's position is straightforward. Put simply, the Commissioners' general articulation of the "reason to believe" standard by which Commission evaluates administrative complaints is not a reason for dismissal of any particular complaint and fails to state a claim that

2

dismissal of an individual complaint was "contrary to law."  *See* 52 U.S.C. § 30109(a)(2) (explaining that the Commissioners are charged with determining whether there is "reason to believe" FECA has or will be violated).

The parties are broadly in agreement as to the scope of judicial review at issue here.  (*See* Pls.' Opp. to Mot. to Dismiss at 13 ("Opp.") (Docket No. 10); *see* FEC's Mem. of Points and Authorities in Support of its Motion to Dismiss at 10 ("Mot.") (Docket No. 5).)  FECA provides that administrative complainants may seek judicial review of the agency's "dismissal of the complaint" to determine whether the dismissal was "contrary to law."  52 U.S.C. § 30109(a)(8)(C).  In reviewing the dismissal, courts consider whether the controlling Commissioners' reasons for dismissal of the complaint set forth in a Statement of Reasons ("SOR"), including the facts and law at issue, were permissible or instead "contrary to law."  *See*, *e.g.*, *Campaign Legal Ctr. & Democracy 21 v. FEC*, 952 F.3d 352, 358 (D.C. Cir. 2020) (evaluating whether the Commission acted "contrary to law" when finding "reason to believe" that corporate entities acted as conduits in violation of 52 U.S.C § 30122).  The agency acted "contrary to law if (1) the FEC dismissed the complaint as a result of an impermissible interpretation of the Act, or (2) if the FEC's dismissal of the complaint, under a permissible interpretation of the statute, was arbitrary or capricious, or an abuse of discretion."  *Id.* at 357 (quoting *Orloski v. FEC*, 795 F.2d 156, 161 (D.C. Cir. 1986)).  Integral to the Court's review is evaluating the controlling Commissioners' assessment of whether there was "reason to believe" the law was violated.  *See id.* at 358; *see also Hagelin v. FEC*, 411 F.3d 237, 242 (2005) (evaluating Commissioners' "reason to believe" in the context of *Orloski*'s framework).  On this, the FEC and plaintiffs are in accord.

But it does not follow that plaintiffs may pry a claim loose based on the "reason to believe" standard, divorcing it from the court's overarching review of whether the "dismissal of the *complaint*" is "contrary to law." 52 U.S.C. § 30109(a)(8)(C) (emphasis added); *see also End Citizens United PAC v. FEC & New Republican PAC*, 90 F.4th 1172, 1181 (D.C. Cir. 2024), *reh'g en banc granted, opinion vacated sub nom. End Citizens United PAC v. FEC*, No. 22-5277, 2024 WL 4524248 (D.C. Cir. Oct. 15, 2024) ("Assessing *whether certain acts constitute FECA violations* and *whether the facts in the record* provide reason to believe a violation occurred are treated as judicially reviewable *under the contrary to law standard*." (emphasis added)). Plaintiffs accuse the FEC of seeking to carve out "a novel exception" to the *Orloski* framework, (Opp. at 11), but it is in fact plaintiffs' position that appears to be unprecedented. The FEC is aware of no case, and plaintiffs have cited none, in which a plaintiff articulated a claim under 52 U.S.C. § 30109(a)(8) based solely on the Commissioners' articulation of the reason to believe standard, much less a case decided on this basis. Instead, courts considering such claims have uniformly evaluated the reasons for dismissal of the particular claim at issue, weighed against the facts and provisions of law put at issue in complainants' administrative complaints. *See, e.g.*, *Democracy 21*, 952 F.3d at 358 (concluding that the Commission provided a reasonable basis for failing to find "reason to believe" that corporate entities acted as conduits in violation of 52 U.S.C § 30122 and thus concluding the FEC's decision was not "contrary to law"); *Hagelin*, 411 F.3d at 243 (finding "substantial evidence" supporting the FEC's decision that there was no reason to believe a complaint respondent had violated FEC regulations and thus concluding the dismissal was not "contrary to law").

None of plaintiffs' cited cases support their singular insistence that they may advance an independent claim based on the enunciation of the "reason to believe" standard. (Opp. at 10–11.)

4

*Campaign Legal Center v. FEC* is a straightforward application of *Orloski*, in which the court held that the agency's pronouncement of a rule exempting from regulation expenditures used to produce internet communications was contrary to FECA's definition of expenditures and thus that the Commission should have found "reason to believe" the law had been violated. 106 F.4th 1175, 1191, 1194 (D.C. Cir. 2024). In *Citizens for Respectability & Ethics in Washington*, the court concluded that the agency's decision that there was no "reason to believe" certain organizations were political action committees was based on an "erroneous understanding" of the First Amendment and thus contrary to law. 209 F. Supp. 3d 77, 93 (2016). These cases ably demonstrate that scrutiny of the "reason to believe" determination is subsumed in the overall analysis of the "dismissal of the complaint."

Further, plaintiffs' quoted language from *FEC v. Democratic Senatorial Campaign Committee*, 454 U.S. 27, 32 (1981), and *FEC v. Akins*, 524 U.S. 11, 25-28 (1998), merely stands for the well-settled principle that courts are the final interpreters of statute, which supports the Commission's position, given that courts in fact evaluate "contrary to law" in the way the Commission describes. For the same reason, *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2259 (2024) is unhelpful for plaintiffs, given that the relevant "contrary to law" standard is a product of precedent and not of the agency's making. *See Orloski*, 795 F.2d at 161. In sum, plaintiffs offer no precedent to support their position that courts may review "reason to believe" as a separate claim—nor is the Commission aware that any exists.

Plaintiffs' argument that the agency's position would improperly shield procedural law from review is a red herring, as the Commission makes no such argument. (Opp. at 11-12.) In its Motion the Commission explained that the court is called on to evaluate the Commissioners' reasons for dismissal of the particular administrative complaint at issue, including "FECA's

5

substantive provisions governing private parties" purportedly violated. (Mot. at 10.) "[S]ubstantive" in this context merely conveys that the Court is called on to evaluate the provisions of FECA addressed in that underlying complaint, and in no way seeks to exempt broad categories of claims from judicial review.

Moreover plaintiffs' caselaw, purportedly cited in support of its right to review of "procedural" claims under 52 U.S.C. § 30109(a)(8), in fact demonstrate why claim two is outside that section's scope.[1] (Opp. at 11-12.) In *Grace v. Barr*, the court determined that a policy document regarding the Immigration and Nationality Act the ("INA") fell within the law's judicial review provision covering "written policy guideline[s]" or "written procedure" despite the government's argument that the document interpreted substantive provisions. 965 F.3d 883, 892 (D.C. Cir. 2020) (interpreting 8 U.S.C. § 1252(e)(3)(A)(ii)). Plaintiffs' truncated quotation of the Circuit Court obscures the Court's conclusion, which was grounded in the particular statute: "[t]his substance-procedure distinction finds no support *in the statute's text*." *Id.* (emphasis added). This holding has nothing to say regarding the scope of 52 U.S.C. § 30109(a)(8), which is plainly limited to review of the FEC's "dismissal of the complaint or the failure to act[.]" 52 U.S.C. § 30109(a)(8)(C). Plaintiffs' reliance on *Kiakombua v. Wolf* suffers from the same defect, as it also concerns the reviewability of policy guidance pursuant to the unique provisions of the INA. 498 F. Supp. 3d 1, 9-10 (D.D.C. 2020) (explaining that the

---

[1] While FECA's judicial review provision is in certain respects interpreted similarly to the analogous judicial review provision in the APA, it is a separate and exclusive remedy that precludes APA review of FEC enforcement decisions. *See Citizens for Resp. & Ethics in Washington v. FEC*, 164 F. Supp. 3d 113, 119 (D.D.C. 2015) (concluding that "FECA itself indicates that [FECA's judicial review provision] is sufficient to preclude APA review of the Commissioners' statements of reasons"); *Campaign Legal Ctr. v. FEC*, 520 F. Supp. 3d 38, 50 (D.D.C.), *on reconsideration*, 578 F. Supp. 3d 1 (D.D.C. 2021) ("In any event, the Court concludes that FECA precludes review of plaintiffs' claim under the APA.").

USCIS developed a manual "to explain [to asylum officers] how to determine whether an alien subject to expedited removal or an arriving stowaway has a credible fear of persecution or torture"). And *Chemical Waste Management, Inc. v. EPA* merely stands for the uncontroversial proposition that a court may review an agency's interpretation of a statute as implemented by its regulations. 873 F.2d 1477, 1479 (D.C. Cir. 1989) ("To govern subsection (h) hearings, EPA promulgated the procedural regulations here under review.").

To the extent that plaintiffs' claim two attempts to challenge an agency "policy" or "de facto rule" regarding its application of the reason to believe standard in enforcement actions generally, this court has previously rejected "an across-the-board challenge to how the FEC approaches" a particular issue. *Citizens for Resp. & Ethics in Washington v. FEC*, 164 F. Supp. 3d 113, 120 (D.D.C. 2015) (internal citation omitted) (finding that even if a repeated interpretation by several FEC Commissioners in MURs were assumed to have become a broad policy of the agency, new principles announced through adjudication are not treated as regulations for purposes of judicial review). "[L]ike any aggrieved party, [plaintiffs'] exclusive remedy for its disagreement with the FEC's rationale is to challenge those particular decisions under the judicial review provision of FECA." *Id.*

Finally, dismissal of plaintiffs' claim two will in no way reduce plaintiffs' right to judicial review because the parties will remain free to brief the court on FECA's "reason to believe" standard at summary judgment, including its application to the "contrary to law" allegations at the heart of plaintiffs' claims three and four. Claim three alleges that the Controlling Statement relied on an impermissible interpretation of FECA—and was thus wrong on the law. (Compl. ¶¶ 64-66.) Claim four alleges that the decision to dismiss the complaint was arbitrary and capricious because it dismissed certain evidence presented by plaintiffs

7

"wholesale"—and was thus wrong on the facts.  (*Id.* ¶ 69.)  Integral to when and if the Court evaluates whether the agency acted "contrary to law" will be whether "reason to believe" was properly applied, as part and parcel of analyzing the familiar two bases for claims set forth in *Orloski*.  *See, e.g.*, *Democracy 21*, 952 F.3d at 358 (concluding that the Commission provided a reasonable basis for failing to find "reason to believe" that corporate entities violated FECA's substantive provisions regarding conduits).  Thus, a separate claim based on the "reason to believe" standard is entirely duplicative, and its dismissal will maintain the well-established scope of judicial review under FECA.

## CONCLUSION

For the foregoing reasons, plaintiffs' Claim Two should be dismissed.

Respectfully submitted,

Lisa J. Stevenson (D.C. Bar No. 457628)
Acting General Counsel
lstevenson@fec.gov

Christopher H. Bell (D.C. Bar No. 1643526)
Acting Assistant General Counsel
chbell@fec.gov

Rachel Coll (D.C. Bar No. 1029524)
Attorney
rcoll@fec.gov

*/s/ Sophia H. Golvach*
Sophia H. Golvach (D.C. Bar No. 165636)
Attorney
sgolvach@fec.gov
COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
1050 First Street NE

Washington, DC 20463

December 20, 2024                          (202) 694-1650

## CERTIFICATE OF SERVICE

    I hereby certify that on December 20, 2024, I served the foregoing pursuant to Fed. R. Civ. P. 5(b)(2)(E) on counsel of record, as a registered ECF user, through the Court's ECF system.

    /s/ *Sophia H. Golvach*
    Sophia H. Golvach (D.C. Bar No. 165636)
    Attorney
    sgolvach@fec.gov